IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GONIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.  12-309-CJP |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act.  **(Doc. 22)**.   Defendant has not filed a response, and the time for doing so has now expired.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).   Plaintiff is, therefore, the prevailing party.  See, ***Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).**  The Commissioner has not argued that his position was substantially justified so as to defeat plaintiff's claim under the EAJA.

1

Here, counsel asks to be paid $125.00 per hour for 18.6 hours of work.  As plaintiff proceeded in forma pauperis, he does not ask for reimbursement of the filing fee.

The Court deems the failure to respond to plaintiff's Motion to be an admission of the merits thereof.  SDIL-LR 7.1.  Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees and costs pursuant to the EAJA, and that the hourly rate and number of hours claimed are reasonable.

Plaintiff's Motion for Attorney's Fees (**Doc. 22**) is hereby **GRANTED**.  The Court awards plaintiff **$2,325.00** as fees.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).**  There is no indication that plaintiff assigned the right to recover attorney's fees to his counsel.  Therefore, the amount awarded shall be paid in accordance with *Ratliff*.

**IT IS SO ORDERED.**

**DATED:   January 23, 2013.**

                                                  **s/ Clifford J. Proud**
                                                  **CLIFFORD J. PROUD**
                                                  **U.S. MAGISTRATE JUDGE**